IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

DENESHION SWOPE, et al.,

Defendants.                                                                          No.10-30084-DRH

### ORDER

**HERNDON, Chief Judge:**

Before the Court is a Motion to Continue Trial Setting (Doc. 40) filed by Defendant Deneshion Swope. Defendant specifically requests that the trial currently set for October 12, 2010 be continued for at least forty-five (45) days as the discovery in this case is lengthy and complex and Defendant has recently obtained additional discovery which require additional time to sort through. Further, Defendant argues that he needs additional time in which to pursue a possible plea agreement. The Court, being fully advised in the premises, finds that the trial should be continued in order to allow for additional time to review discovery and pursue a possible plea.

The Court, therefore, **GRANTS** Defendant's Motion to Continue Trial Setting (Doc. 40). The Court **CONTINUES** the trial currently set for October 12, 2010 until **January 18, 2011 at 9:00 a.m.** The continuance of trial applies to all non-moving Defendants as well. ***United States v. Baker*, 40 F.3d 154, 159 (7th**

**Cir. 1994) ("'Under § 3163(h)(7), the excludable delay of one defendant may be ascribed to all defendants in the same case, absent severance.'")(quoting *United States v. Tanner*, 941 F.2d 574, 580 (7th Cir. 1991), cert. denied, 502 U.S. 1102, 112 S.Ct. 1190, 117 L.Ed. 2d 432 (1992)).** At this time, it appears that Jerry Richmond is currently the only other non-moving Defendant as Defendant Bryant Giles still remains a fugitive.

In continuing the trial, the Court notes that one Defendant, Bryant Giles, still remains a fugitive. Giles is still at large and has yet to be arraigned. Further, no motion for severance of the remaining defendants has been filed or granted in this case, meaning all Defendants adhere to the same Speedy Trial Act count. Therefore, in actuality and the state of the law is that the Speedy Trial "clock" does not begin to run until the last co-defendant is arraigned. In this case, as there is one fugitive, the 70-day window for conducting this trial has not yet come into play under the Speedy Trial Act. **See *United States v. Larson*, 417 F.3d 741, 745 n.1(7th Cir. 2005) ("In the typical joint trial, the Speedy Trial clock begins when the last co-defendant is arraigned.")(citing *United States v. Baskin-Bey*, 45 F.3d 200, 203 (7th Cir. 1995)); *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); 18 U.S.C. § 3161(h)(6); *United States v. Souffront*, 338 F.3d 809, 835 (7th Cir. 2003) (The Court found that the seventy-day clock commenced the day a fugitive-also the final co-defendant in the case- was arraigned).** Since the Speedy Trial clock has not begun to run, there is no need to account for exclude time due to

trial delays, such as when a trial is continued.

However, in the alternative to finding that the Speedy Trial clock has yet to commence, the Court finds that the reasons stated in the motion to continue justify reasons for granting a continuance and excluding time under the Speedy Trial Act. The Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the best interests of the public and *all Defendants* in a speedy trial. To force a Defendant to trial without adequate time to prepare would constitute a miscarriage of justice. Further, to force a Defendant to trial on a case that appears to be able to resolve amicably would also constitute a miscarriage of justice. Therefore, the Court alternatively finds reasons for granting a continuance as sought in the motion (Doc. 40). The Court hereby **CONTINUES** the trial *as to all Defendants* scheduled for October 12, 2010 until January 18, 2011 at 9:00 a.m. The time from the date the motion was filed, October 1, 2010, until the date on which the trial is rescheduled, January 18, 2011, is excludable for purposes of speedy trial.

In continuing this trial, the Court also notes that Defendant was previously given twenty-one (21) days from the date of his arraignment in which to file pre-trial motions and complete discovery. According to a recent Supreme Court decision, ***Bloate v. United States, 130 S. Ct. 1345 (2010)***, delays resulting from pre-trial motion preparation is not automatically excludable under **18 U.S.C. § 3161 (h)(1)**, but requires case-specific findings under **18 U.S.C. § 3161(h)(7)**. ***See***

***Bloate*, 130 S. Ct. at 1352**.  In light of the recent decision, the Court finds that the time granted to Defendant for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. § 3161(h)(7)(A)** as the ends of justice served by the granting of such a continuance outweighed the best interests of the public and Defendant in a speedy trial.  To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice.  Therefore, for purposes of the Order issued August 9, 2010, granting Defendant twenty-one (21) days in which to complete discovery and file pre-trial motions (Doc. 28), the Court notes that the time from the arraignment, August 9, 2010, until the date on which the twenty-one days expired, August 30, 2010, is excludable time for the purposes of speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 5th day of October, 2010.

/s/    *David R Herndon*
**Chief Judge**
**United States District Court**