IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRYANT GILES, et al.,

Defendants.                                              No. 10-30084-DRH

ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendant Bryan Giles' Motion for Continuance of Trial Date (Doc. 56). Specifically, Defendant requests that the trial currently scheduled for November 8, 2010 be continued as discovery has not been completed and reviewed. The Government does not object to the motion. The Court, being fully advised in the premises, finds that the trial should be continued in order to allow for additional time to review discovery and determine whether Defendant will change his plea or proceed to trial. Further, the Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. To force a Defendant to trial without adequate time to prepare would constitute a miscarriage of justice. Therefore, the Court **GRANTS** Defendant's motion for continuance of trial date (Doc. 56). The Court **CONTINUES** the trial currently set for November 8, 2010 until **January 18, 2011 at 9:00 a.m.** The continuance applies to all non-moving

Defendants as well. ***United States v. Baker*, 40 F.3d 154, 159 (7th Cir. 1994) ("'Under § 3161(h)(7), the excludable delay of one defendant may be ascribed to all defendants in the same case, absent severance.'") (quoting *United States v. Tanner,* 941 F.2d 574, 580 (7th Cir. 1991), cert. denied, 502 U.S. 1102, 112 S.Ct. 1190, 117 L.Ed. 2d 432 (1992))**. The Court notes that there are two other Defendants in this case, Deneshion Swope and Jerry Richmond, but their trial was previously continued until January 18, 2011 as well (Doc. 41). The Court notes that the time from the date this motion was filed, October 22, 2010, until the date on which the trial is rescheduled, January 18, 2011, is excludable for purposes of speedy trial.

In continuing the trial, the Court also notes that Defendant was previously given twenty-one (21) days from the date of his arraignment in which to file pre-trial motions and complete discovery. According to a recent Supreme Court decision, **Bloate v. United States, 130 S.Ct. 1345 (2010)**, delays resulting from pre-trial motion preparation is not automatically excludable under **18 U.S.C. § 3161(h)(1)**, but requires case-specific findings under **18 U.S.C. § 3161(h)(7)**. ***See Bloate*, 130 S.Ct. at 1352.** In light of the recent decision, the Court finds that the time granted to Defendant for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. § 3161(h)(7)(A)** as the ends of justice served by the granting of such a continuance outweighed the best interest of the public and Defendant in a speedy trial. To force a Defendant to trial without adequate time to

prepare would have constituted a miscarriage of justice. Therefore, for purposes of the Order issued October 8, 2010, granting Defendant twenty-one (21) days in which to complete discovery and file pre-trial motions (Doc. 50), the Court notes that the time from the arraignment, October 8, 2010, until the date on which the twenty-one days expired, October 29, 2010, is excludable time for the purposes of speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 29th day of October, 2010.

David R. Herndon
2010.10.29 16:22:46
-05'00'

**Chief Judge**
**United States District Court**